# UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE TIMOTHY M. REIF, JUDGE

—————————————————————————
|  | ) |
| OCTAL, INC., | ) |
| OCTAL SAOC-FSZ, | ) |
|  | ) |
| Plaintiffs, | ) |
|  | ) |
| v. | ) Court No. 20-03697 |
|  | ) |
| UNITED STATES, | ) |
|  | ) |
| Defendant, | ) |
|  | ) |
| and | ) |
|  | ) |
| ADVANCED EXTRUSIONS, INC., *et al* | ) |
|  | ) |
| Defendant-Intervenors. | ) |
—————————————————————————

## DEFENDANT'S MOTION FOR VOLUNTARY REMAND

The defendant, the United States, respectfully moves for voluntary remand in this matter

pursuant to Rule 7(b) of the Rules of the Court.  Plaintiffs OCTAL, Inc. and OCTAL SAOC-FSZ

(collectively, OCTAL) have challenged the final less-than-fair-value determination in the

Department of Commerce's (Commerce) antidumping duty investigation in *Polyethylene*

*Terephthalate Sheet from the Sultanate of Oman, Final Determination of Sales at Less Than Fair*

*Value*, 85 Fed. Reg. 44, 278 (Jul. 22, 2020). As discussed below, we respectfully request that the

Court remand this matter in its entirety to enable Commerce to allow interested parties to

comment in the first instance before the agency on the issue of affiliation, the central issue

presented in this litigation.  If our request is granted, Commerce will have an opportunity to

reconsider its affiliation finding in light of parties' comments or further explain its affiliation

finding and its change in calculation methodology between the preliminary and final

determination, and, if appropriate, revise the dumping margin calculation for OCTAL.

## **FACTUAL BACKGROUND**

During the investigation, Commerce found that OCTAL was affiliated with one of its U.S. customers based on an exclusive supplier arrangement. IDM at 5. Commerce made this finding after the interested parties commented on the preliminary determination, even though the parties did not directly raise an affiliation argument. *Id*. at 3-5. In their comments on the preliminary determination, however, petitioners requested that Commerce adjust U.S. prices based on the exclusive supplier arrangement between OCTAL and one of its U.S. customers, which operated as a constructive discount to the price paid as a result of a buy-back mechanism for PET flakes at inflated prices. *Id*. at 3-4.

Because Commerce's regulations expressly recognize close supplier relationships as a basis for finding affiliation, 19 C.F.R. § 351.102(b)(3), Commerce considered whether OCTAL and its U.S. customer were affiliated. IDM at 5. After obtaining supplemental information regarding the exclusive supplier arrangement at the post preliminary stage, Commerce determined that OCTAL and its customer were affiliated through a close supplier relationship and, thus, the price between the two affiliates was not the appropriate U.S. price. *Id*. Because OCTAL did not report the price of sales from its U.S affiliate to unaffiliated U.S. customers, the information regarding such price was missing from the record. *Id*. Accordingly, Commerce filled the gap in the record through neutral facts available by using the calculated weighted-average dumping margin from OCTAL's sales to other U.S. customers. *Id.*

However, as OCTAL alleges, Commerce made its determination regarding affiliation late in the proceeding, without providing interested parties with an express opportunity to comment on the issue of affiliation. OCTAL Br. at 25 ("Commerce indeed was proceeding on its own, at

the last minute, without the benefit of the arguments of the parties on the precise issue considered. . . .").  As a result, OCTAL's arguments against affiliation have been raised for the first time during this litigation.  OCTAL did not raise these arguments during the administrative proceeding and, thus, there is no agency determination that considered OCTAL's arguments.

**ARGUMENT**

**I.     Standard Of Review**

The Government may ask the Court to remand a matter, without confessing error, so that Commerce may reconsider its prior position.  *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001).  In *SKF USA*, the United States Court of Appeals for the Federal Circuit outlined three separate scenarios in which an agency may seek a remand:  (1) to reconsider its decision because of intervening events outside of the agency's control; (2) to reconsider its previous position (absent any intervening events) without confessing error; and (3) to change the result because the agency believes the original decision was incorrect on the merits.  *Id.* at 1028.  Moreover, remand to an agency is "appropriate to correct simple errors, such as clerical errors, transcription errors, or erroneous calculations."  *Id.* at 1029.

A voluntary remand is "generally appropriate 'if the agency's concern is substantial and legitimate.'"  *SeAH Steel Corp. v. United States*, 704 F. Supp. 2d 1353, 1378 (Ct. Int'l Trade 2010) (quoting *SKF USA*, 254 F.3d at 1029); *see also Ad Hoc Shrimp Trade Action Committee v. United States*, 882 F. Supp. 2d 1377, 1381 (Ct. Int'l Trade 2013); *Shakeproof Assembly Components Div. of Illinois Tool Works, Inc. v. United States,* 412 F. Supp. 2d 1330, 1338-39 (Ct. Int'l Trade 2005) (granting motion for voluntary remand, recognizing that the Government is presumed to act in good faith, and that this presumption may only be overcome by "well-nigh irrefragable proof").  "A concern is substantial and legitimate when (1) Commerce has a

3

compelling justification, (2) the need for finality does not outweigh that justification, and (3) the scope of the request is appropriate." *Changzhou Hawd Flooring Co., Ltd. v. United States,* 6 F. Supp. 3d 1358, 1360 (Ct. Int'l Trade 2014) (citing *Baroque Timber Indus. (Zhongshan) Co., Ltd. v. United States,* 925 F. Supp. 2d 1332, 1338-39 (Ct. Int'l Trade 2013)). Furthermore, as this Court has explained, when an agency seeks a voluntary remand "to correct a mistake or address some other substantial and legitimate concern, it is far more sensible for a court to defer to the agency whose expertise, after all, consists of administering the statute*." Gleason Indus. Prod. Inc. v. United States*, Slip Op. 07-40, 31 C.I.T. 393, 396 (Ct. Int'l Trade Mar. 16, 2007).

## II.     The Court Should Grant The Government's Request For A Voluntary Remand

This case presents a situation in which plaintiffs ask the Court to decide the case exclusively on the basis of certain arguments that were not presented to and considered by the agency in the underlying proceeding. In other words, plaintiffs invite the Court to become a *de facto* Federal agency and make an affiliation determination based on certain arguments that were not part of the original agency determination. OCTAL Br. at 2 ("So the Court must address this messy situation that Commerce created.").

We acknowledge that Commerce did not provide interested parties with an express opportunity to comment on the issue of affiliation, which the agency first considered at the post-preliminary stage. Commerce has authority to change its preliminary determination in its final determination, even if interested parties did not request a change in this particular aspect of determination (*e.g.*, the agency on its own identified an error or an analytical gap in its preliminary determination). *See generally, NTN Bearing Corp. v. United States*, 74 F.3d 1204, 1208 (Fed. Cir. 1995) ("However, preliminary determinations are 'preliminary' precisely because they are subject to change."); *cf. Am. Signature, Inc. v. United States*, 598 F3d 816 (Fed.

Cir. 2010) ("Commerce has long claimed the authority to correct ministerial errors during the review of final results even when no request to correct the error has been made by an interested party pursuant to the regulations.").

Although Commerce does not need to invite comments regarding every potential post-preliminary change, Commerce normally provides an opportunity to comment, where, as here, the effect of the post-preliminary change may significantly alter the calculation (*i.e.*, approximately 60 percent of U.S. market sales were affected). *See e.g., Fresh Tomatoes from Mexico*, 84 FR 57401 (Dept. of Commerce October 25, 2019) (final LTFV determination) and the accompanying IDM at 5 (Commerce collected additional information after the suspension agreement terminated and issued post-preliminary analysis for affiliation and several other issues, including the scope of investigation).

Here, Commerce identified an analytical gap in its preliminary determination, which was a failure to consider whether the exporter and its customer, which engaged in an exclusive supplier arrangement, were affiliated. Commerce's regulations expressly recognize close supplier relationships as a potential basis for finding affiliation, 19 C.F.R. § 351.102(b)(3). The existence of a close supplier relationship between OCTAL and its customer is not in dispute. Commerce properly examined the potential affiliation between the respondent exporter and its customer on the basis of the close supplier arrangement (although we recognize that OCTAL disagrees with Commerce's conclusions). However, Commerce did not provide an opportunity to comment on its post-preliminary findings related to the issue of affiliation, which prevented it from considering interested parties' arguments.

Our requested voluntary remand provides a logical and coherent path forward. We respectfully requests that the Court remand the entire case to the agency to allow interested

parties to comment, consider interested parties' arguments on the issue of affiliation, and if appropriate reconsider its finding of affiliation and resulting dumping calculations. If our request is granted, Commerce expects that it would be able to complete and file with the Court its remand determination within 90 days of the remand order.

Because a voluntary remand may obviate the need for further briefing on plaintiffs' motion for judgment on the agency record, we respectfully request that the Court stay any such briefing pending its resolution of the remand redetermination. Should the Court grant Commerce's request, we respectfully propose that the Court provide 90 days for Commerce to submit its remand results to the Court, and permit plaintiffs to file comments on the remand redetermination with the Court within 30 days after Commerce files its remand redetermination, with any response to the comments due 30 days thereafter.

## **CONCLUSION**

For these reasons, we respectfully request that the Court remand this matter in its entirety to Commerce for further administrative proceedings.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Patricia M. McCarthy
PATRICIA M. MCCARTHY
Assistant Director

OF COUNSEL:
MYKHAYLO A. GRYZLOV
Senior Counsel
Office of the Chief Counsel
    for Trade Enforcement and Compliance
U.S. Department of Commerce
Washington, D.C.

/s/ Sonia M. Orfield
SONIA M. ORFIELD
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 353-0534
Facsimile: (202) 514-8640
E-mail: Sonia.M.Orfield@usdoj.gov

April 1, 2021

Attorneys for Defendant

**UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE:  THE HONORABLE TIMOTHY M. REIF, JUDGE

_____

| | |
|---|---|
| OCTAL, INC.,<br>OCTAL SAOC-FSZ, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )  Court No. 20-03697 |
| UNITED STATES, | )<br>) |
| Defendant, | )<br>) |
| and | )<br>) |
| ADVANCED EXTRUSIONS, INC., *et al* | )<br>) |
| Defendant-Intervenors. | )<br>) |

_____

## ORDER

Upon consideration of the defendant's motion for voluntary remand, and any opposition thereto, it is hereby ORDERED that the motion is granted; and it is further

ORDERED that the case is remanded to Commerce to allow interested parties to comment, consider interested parties' arguments on the issue of affiliation, and, if appropriate, to reconsider its finding of affiliation and resulting dumping calculations; and it is further

ORDERED that Commerce shall file its remand redetermination with the Court no later than 90 days after the date of this order; and it is further

ORDERED that parties shall file their comments on the remand redetermination, if any, no later than 30 days after Commerce files its remand redetermination and any response to the comments shall be filed no later than 30 days after the comments are filed; and it is further

ORDERED that all other briefing in this case is stayed until further notice.


Dated: _____                    _____
      New York, New York                                    Timothy M. Reif, Judge