## UNITED STATES COURT OF INTERNATIONAL TRADE

*Before*: The Honorable Judge Timothy M. Reif

|  |  |
|---|---|
| **OCTAL Inc.** ) <br> **OCTAL SAOC-FZC** ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> **United States** ) <br> Defendant, ) <br> ) <br> **Advanced Extrusion, Inc** *et al* ) <br> Defendant-Intervenors. ) | **Court No. 20-03697** |

## PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR REMAND

Plaintiffs OCTAL Inc and OCTAL SAOC-FZC (collectively "OCTAL") hereby respond to Defendant's Motion for Remand, dated April 1, 2021.[1]

OCTAL appreciates Defendant's recognition that Commerce's final antidumping determination cannot be sustained as currently written. OCTAL further values Defendant's willingness to undertake the necessary analysis now that should have been done during the underlying investigation before reaching the determination. And therefore OCTAL supports Defendant's request for a voluntary remand.

---

[1] We note that Defendant-Intervenors have submitted their response brief to OCTAL's Motion for Judgment on April 19th, 2021. We note that, undersigned counsel has not yet had an opportunity to review Defendant-Intervenors' brief in detail and therefore nothing herein should be considered as a response to Defendant-Intervenors' response brief in opposition to motion for judgment on the agency record.

That being said, OCTAL also has the following suggestions to encourage a more expeditious final resolution of this litigation.  In short, we ask the Court to allow for a longer time than usual for the remand to ensure that Commerce's new analysis and investigation can be done in an appropriate manner as required by law and past Commerce practice.  OCTAL has two comments in this regard.

First, a longer time than the proposed 90 days is needed to allow Commerce to reopen the record to obtain additional information on the issue of whether OCTAL should be considered "affiliated" with its customer.  Defendant's Motion makes it appear that OCTAL's only complaint was the failure of Commerce to allow legal briefing on the issue of OCTAL's possible affiliation with its customer.  *See* Defendant Motion for Remand at 5.  But this suggestion is wrong.  OCTAL's actual complaint is that Commerce undertook very little examination of the possible affiliation until very late in Commerce's proceeding and long after the evidentiary record had closed.  *See* OCTAL's Br. at 25, 27, 48, 49.  Had the issue been raised earlier, both sides would presumably have provided other factual information in support of their various arguments.  Accordingly, now that Commerce has agreed belatedly to undertake a proper examination of the issue of whether OCTAL might be affiliated with its customer, Commerce should follow its long-standing past practice and first allow all parties to submit additional factual information on this important issue, and then permit all parties to submit additional legal briefing once all new factual information has been provided.  As was detailed at some length in OCTAL's opening brief, Commerce never requested additional

factual information exploring whether OCTAL was affiliated with its customer. OCTAL's Br. at 12, 13.  Commerce needs to do so now.

Second, Commerce's Motion for Remand itself admits that the primary defect of Commerce's original determination was the *absence* of further manufactured U.S. sales data from the customer.  *See* Defendant Motion for Remand at 2.  If there is a possibility of affiliation, Commerce should follow its long-standing practice of requesting the downstream sales and cost data necessary to calculate an accurate dumping margin. There is no excuse to leave unaddressed a glaring hole in the evidentiary record. Accordingly, a longer remand time period is needed to allow Commerce to obtain the customer's sales and cost data, should Commerce conclude that OCTAL and its customer are "affiliated" under the AD law.

In short, Commerce should undertake both of the above actions (assuming a conclusion of affiliation is reached) before submitting its remand redetermination to the Court.  And Commerce should address both issues now, so as to allow an expeditious resolution of this dispute.

                          Respectfully Submitted,

                          /s/ Daniel L. Porter

Daniel L. Porter
James P. Durling
James Beaty
Ana Amador

**Curtis, Mallet-Prevost, Colt & Mosle LLP**
1717 Pennsylvania Avenue, NW
Washington, DC, 20006

April 21, 2021                      *Counsel for Plaintiffs*