**UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE:  THE HONORABLE TIMOTHY M. REIF, JUDGE

_____

|   |   |
|---|---|
| OCTAL, INC., ) | |
| OCTAL SAOC-FSZ, ) | |
|                                  ) | |
|               Plaintiffs,        ) | |
|                                  ) | |
|        v.                        ) | Court No. 20-03697 |
|                                  ) | |
| UNITED STATES,                   ) | |
|                                  ) | |
|               Defendant,         ) | |
|                                  ) | |
|        and                       ) | |
|                                  ) | |
| ADVANCED EXTRUSIONS, INC., *et al* ) | |
|                                  ) | |
|               Defendant-Intervenors. ) | |

_____)

<u>REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR VOLUNTARY REMAND</u>

The United States respectfully replies to responses to its motion for voluntary remand. Although all parties agree that Commerce's request for voluntary remand is appropriate and should be granted, *See* Defendant-Intervenors' Response at 1 ("Defendant-Intervenors do not oppose Defendant's motion for remand for the limited purpose laid out in Defendant's motion . . . ."); Plaintiff's Response at 1 ("And therefore OCTAL supports Defendant's request for voluntary remand."), the response filed by plaintiffs OCTAL Inc and OCTAL SAOC-FZC (OCTAL) seeks to impose certain involuntary requirements on the voluntary remand that the Government did not request and has not had an opportunity to address. As set forth below, the Court should not accede to OCTAL's wholly unsupported and impermissible request.

OCTAL asks the Court to give the agency a longer period of time to complete the remand than the 90-day period that the agency requested. Plaintiff's Response at 2.  OCTAL contends

that Commerce should reopen the record and "allow parties to submit additional factual information" on the issue of affiliation, including the downstream sales and cost data. Plaintiff's Response at 2-3. OCTAL cites no authority or precedent whatsoever for its extraordinary request. Although the United States agrees that more time should be provided *if* the agency decides to reopen the record and collect additional information OCTAL's argument puts the cart before the horse.

The decision as to whether it is necessary to reopen the record is for the agency to make in the context of an administrative proceeding. *Nippon Steel Corp. v. United States*, 219 F.3d 1348, 1353 (Fed. Cir. 2000) (citing *McKart v. United States*, 395 185, 194 (1969)) ("'The courts ordinarily should not interfere with an agency until it has completed its action, or else has clearly exceeded its jurisdiction."). Remand proceedings are administrative proceedings[1] conducted under Commerce's authority as an Executive Branch agency upon order of the Court. *See Fengchi Imp. & Exp. Co. v. United States*, 98 F. Supp. 3d 1309, 1315 (Ct. Int'l Trade 2015) ("The remand proceeding is an administrative proceeding.").

Reopening the record on remand is a matter largely left up to Commerce's discretion. *See NTN Bearing Corp. of Am. v. United States*, 132 F. Supp. 2d 1102, 1107 (2001) ("As long as the Court does not forbid Commerce from considering new information, it remains within Commerce's discretion to request and evaluate new data."); *Laclede Steel Co. v. United States*, 19 CIT 1076, 1078 (1995) ("Any decision to expand the administrative record upon remand is well within [Commerce's] discretion, absent express language from the court barring such action."); *see also Nippon Steel Corp. v. Int'l Trade Comm'n*, 345 F.3d 1379, 1382 (Fed. Cir.

---

[1] Pursuant to 19 U.S.C. § 1516a(c)(3), a remand is a segment of an administrative proceeding.

2003) ("Whether on remand the Commission reopens the evidentiary record, while clearly within its authority, is of course solely for the Commission itself to determine.").

In this instance, Commerce has not made a determination as to whether the existing record is sufficient for reaching a determination on remand or whether a reopening of the record is warranted. Although Octal mischaracterizes our request for a voluntary remand to Commerce as recognizing "that Commerce's final antidumping determination cannot be sustained as currently written," Plaintiff's Response at 1, as we explained in our motion, Commerce may seek to "reconsider its previous position (absent any intervening events) without confessing error." Defendants Mot. at 3 (citing *SKF USA Inc. v. United States*, 254 F.3d 1022, 1028 (Fed. Cir. 2001). Whether reopening the record becomes a live issue is contingent on the resolution of other issues during the remand.[2] Commerce should be allowed to conduct an orderly administration of an administrative proceeding without interference or having to prejudge issues. If the Court grants our request for voluntary remand, Commerce will make all determinations, including whether reopening the record is appropriate, in the context of the administrative proceeding (remand).

Again, OCTAL cites no authority or precedent whatsoever for its irregular demand.

## **CONCLUSION**

For these reasons, we respectfully request that the Court remand this matter in its entirety to Commerce for further administrative proceedings without instruction regarding opening the administrative record.

---

[2] For example, if Commerce were to decide that the companies at issue are not affiliated, there would be no basis for the agency to request additional information suggested by OCTAL, such as downstream sales and cost.

                        Respectfully submitted,

                        BRIAN M. BOYNTON
                        Acting Assistant Attorney General

                        JEANNE E. DAVIDSON
                        Director

                        /s/ Patricia M. McCarthy
                        PATRICIA M. MCCARTHY
                        Assistant Director

| | |
|---|---|
| OF COUNSEL: | /s/ Sonia M. Orfield |
| MYKHAYLO A. GRYZLOV | SONIA M. ORFIELD |
| Senior Counsel | Trial Attorney |
| Office of the Chief Counsel | U.S. Department of Justice |
|     for Trade Enforcement and Compliance | Civil Division |
| U.S. Department of Commerce | Commercial Litigation Branch |
| Washington, D.C. | P.O. Box 480 |
| | Ben Franklin Station |
| | Washington, D.C. 20044 |
| | Telephone: (202) 353-0534 |
| | Facsimile: (202) 514-8640 |
| | E-mail: Sonia.M.Orfield@usdoj.gov |
| April 22, 2021 | Attorneys for Defendant |