UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE TIMOTHY M. REIF, JUDGE

| | |
|---|---|
| OCTAL INC., OCTAL SAOC-FSZ,<br><br>              **Plaintiffs,**<br><br>  v.<br><br>UNITED STATES,<br><br>              **Defendant,**<br><br>  and<br><br>ADVANCED EXTRUSION, INC., *et al.*,<br><br>              **Defendant-Intervenors.** | Court No. 20-03697 |

## DEFENDANT-INTERVENORS' OPPOSITION TO PLAINTIFFS' MOTION FOR EXPANSION OF WORD LIMITS AND ABILITY TO SUBMIT REPLY COMMENTS

On behalf of Defendant-Intervenors Advanced Extrusion, Inc., Ex-Tech Plastics, Inc., and Multi-Plastics Extrusions, Inc., we hereby submit this opposition to Plaintiffs' Motion for Expansion of Word Limit and Ability to Submit Reply Comments, dated August 23, 2021 (ECF No. 44), pertaining to the Department of Commerce's Final Results of Redetermination ("Remand Results") (ECF No. 42). This opposition is timely filed pursuant to USCIT Rule 7(d). The Court should deny Plaintiffs' motion.

<u>First</u>, Plaintiffs' requested comment schedule would improperly extinguish Defendant-Intervenors' opportunity to comment on the Remand Results in the first instance. <u>See</u> Pl. Mot. at 4. As Defendant-Intervenors actively participated in Commerce's remand proceeding, like Plaintiffs, Defendant-Intervenors deserve an opportunity to comment on the outcome of that proceeding. The right to comment is not immaterial or disposable simply because Plaintiffs

presume Defendant-Intervenors' position on the Remand Results. In fact, the denial of Defendant-Intervenors' opportunity to comment on the Remand Results could prejudice the preservation of Defendant-Intervenors' rights in any future appellate action.

Second, the entire basis for Plaintiffs' motion is the claimed "unique procedural posture" of this action (Pl. Mot. at 3), but there nothing unique about Rule 56.2(h) governing parties' opportunities to address voluntary remand results. See, e.g., Dongguan Bon Ten Furniture Co., Ltd. v. United States, Ct. No. 09-00396, Order (ECF No. 42) (granting defendant's motion for voluntary remand and ordering parties to file comments on the remand results and responses consistent with Rule 56.2(h) except for the deadline for responsive comments); Carpenter Technology Corp. v. United States, Ct. No. 19-00200, Slip Op. 20-158 (ECF No. 33) (granting defendant's motion for voluntary remand filed after plaintiffs' Rule 56.2 motion for judgment on the agency record and ordering that subsequent proceedings be governed by Rule 56.2(h)); Pharm-Rx Chemical Corp. v. United States, Ct. No. 17-00268, Order (ECF No. 23) (granting defendant's motion for voluntary remand and ordering that subsequent proceedings be governed by Rule 56.2(h)); Uttam Galva Steels Ltd. v. United States, Ct. No. 19-00044, Slip Op. 20-15 (ECF No. 34), at 12-14 (granting defendant's motion for voluntary remand on the calculation of an AFA rate to provide "Commerce with an opportunity to address Plaintiff's arguments in the first instance"), Scheduling Order (ECF No. 37) (setting deadlines for parties' comments and responses on remand results consistent with Rule 56.2(h) except allowing for 60 days for comments and responses).

Third, Plaintiffs have pointed to no other reason they require 4,000 more words for their initial comments on the Remand Results – on top of the 10,000 words permitted under Rule 56.2(h) – and identify no basis for adding a reply to the schedule. Plaintiffs already submitted a Rule 56.2 motion for judgment on the agency record and accompanying brief. Plaintiffs' comments to

Commerce in the administrative remand proceeding largely mirrored their Rule 56.2 brief. Plaintiffs' also had an opportunity to rebut Defendant-Intervenors' comments in the same proceeding. And Commerce considered Plaintiffs' (and Defendant-Intervenors') arguments, as explained in the Remand Results. Contrary to Plaintiffs' assertion, there has, in fact, "been quite a lot of discussion on the key issues" in this case. See Pl. Mot. at 3.

The current remand comment procedure, governed by Rule 56.2(h), affords Plaintiffs sufficient opportunity to comment on the results of Commerce's deliberations and present argument as to how the Court should rule on such results. Plaintiffs have not shown how the Rule 56.2(h) procedure is deficient in meeting that purpose, nor have Plaintiffs identified any new or unforeseen issue arising from the Remand Results that necessitates (1) depriving Defendant-Intervenors of initial comment; (2) a substantial increase in the current 10,000 word limit; *and* (3) a reply opportunity.[1] Cf. Defendant's Motion for Leave to File a Reply in Support of Defendant's Motion for Voluntary Remand (ECF No. 35) (explaining that a reply was necessary because "Plaintiffs have sought significant additional relief in their response to the Government's motion").

Plaintiffs' motion is nothing more than a veiled attempt to relitigate the scope of the Court's Remand Order (ECF No. 36). Plaintiffs ignore that this appeal is in a different posture than it was when initiated – namely, that Commerce has since accepted comment on and considered the very same arguments regarding affiliation that Plaintiffs made in their Rule 56.2 motion for judgment on the agency record (which presented both substantive arguments regarding Commerce's affiliation finding and claims regarding the absence of an express opportunity to address the issue during the investigation). Plaintiffs may make those arguments again or others under the current

---

[1] The parties' first comment opportunity under the current deadlines is *effectively a reply* to Commerce's Remand Results.

procedure and has not demonstrated a need for either more words or more filings to do so. Judicial efficiency is best served by moving this case forward based on the existing record before it, relying on the procedure appropriate for this stage of the case: after remand. See USCIT Rule 56.2(h).

    Respectfully submitted,

/s/ Brooke M. Ringel
PAUL C. ROSENTHAL
BROOKE M. RINGEL
DAVID C. SMITH, JR.
KELLEY DRYE & WARREN LLP
3050 K Street, N.W., Suite 400
Washington, DC 20007
(202) 342-8400

Counsel to Defendant-Intervenors Advanced Extrusion, Inc., Ex-Tech Plastics, Inc., and Multi-Plastics Extrusions, Inc.

Dated: August 24, 2021