# UNITED STATES COURT OF INTERNATIONAL TRADE

*Before*: The Honorable Judge Timothy M. Reif

| | |
|---|---|
| **OCTAL Inc. and OCTAL SAOC-FSZ** | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| **United States** | )    **Court No. 20-03697** |
| Defendant, | )<br>) |
| **Advanced Extrusion, Inc.** *et al* | )<br>) |
| Defendant-Intervenors. | )<br>) |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs OCTAL Inc. and OCTAL SAOC-FSZ (collectively "OCTAL"), respectfully submit this Notice of Supplemental Authority to advise this Court of the recent decision by the Court of Appeals for the Federal Circuit ("Federal Circuit") in *Hitachi Energy USA Inc. v. United States*, __ F.4th __, 2022 U.S. App. LEXIS 13919* (Fed. Cir. May 24, 2022). This decision was issued after briefing concluded and the parties had participated in oral argument. *See, e.g.*, Oral Argument Appearance Sheet, ECF No. 78 (April 6, 2022).

The Federal Circuit's decision addresses certain aspects of Commerce's statutory obligations when it invokes its authority under 19 U.S.C. §1677e that are relevant to this Court's consideration of the above-captioned proceeding. The Federal Circuit addressed a highly analogous factual situation to the instant case and specifically concluded that Commerce was wrong to deny a respondents effort to submit information to fill the gap in the record identified by Commerce in the context of a voluntary remand proceeding. Specifically, the Court stated

that "the statutory entitlement to notice and opportunity to remedy any deficiency is unqualified." *Hitachi*, 2022 U.S. App. LEXIS 13919 at *20.

The Court found no exception for situations where the deficiency identified by Commerce is only discovered later in the proceeding and specifically faulted Commerce for refusing to accept the information in the course of the remand that it had identified as missing in applying facts available. The Court stated that "Commerce's denial of Hyundai's request to provide any necessary information was contrary to the statute." *Id.* at *19.

The Federal Circuit's treatment of information submitted in the context of a voluntary remand determination in order to cure a defect identified by Commerce is directly relevant to this case and shows that Commerce's conduct in the remand in this proceeding was contrary to the statute.

 

Respectfully submitted,

/s/ Daniel L. Porter

Daniel L. Porter
James P. Durling
James C. Beaty
Ana M. Amador

**Curtis, Mallet-Prevost, Colt & Mosle LLP**
1717 Pennsylvania Avenue, NW
Washington, DC 2006
(202) 452-7373

*Counsel to OCTAL Inc. and OCTAL SAOC-FSZ*

June 1, 2022